IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JIM CLIFTON, WILLIAM RAMIREZ
and ANGELO RICH, JR.,

    Plaintiffs,

vs.                                                                                                                       No. CIV 99-372 MV/DJS

HOLMES & NARVER, INC.,
    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's Motion to Strike Jury Demand **[Doc. No. 31]**, Defendant's Motion for Oral Argument **[Doc. No. 37]**, and Plaintiffs' Motion For a Jury Trial Pursuant to Rule 39(b) **[Doc. No. 33]**, filed September 15, 1999. The Court, having considered the pleadings, relevant law, and being otherwise fully informed, finds that Defendant's Motion to Strike Jury Demand is not well taken and will be **DENIED**. The Court further finds that oral argument is not necessary for resolution of the motions, and therefore, Defendant's Motion for Oral Argument will be **DENIED**. The Court concludes that Plaintiffs Motion for a Jury Trial Pursuant to Rule 39(b) is well taken and will be **GRANTED**.

### BACKGROUND

Plaintiffs bring this civil rights action against Defendant, arising from the termination of Plaintiffs' employment at Holmes and Narver, Inc., which Plaintiffs allege was in violation of the Age Discrimination in Employment Act and the New Mexico Human Rights Act. Plaintiffs initially filed suit on December 24, 1998, in the District Court for the State of New Mexico. Plaintiffs' original complaint contained a jury demand, which was never properly served upon

Defendant. Four days later, Plaintiffs filed a formal "Jury Demand" in the New Mexico state court, which was also never properly served upon Defendant. Defendant filed a Notice of Removal in the United States Court for the District of New Mexico on April 1, 1999. In accordance with D.N.M.LR-Civ. 81.1, Defendant filed copies of records and proceedings from the state court action, which included Plaintiffs' jury demand. In the Initial Pre-Trial Report, Defendant indicated to the Court that this action would be a non-jury trial. The Court was later notified by the parties that Plaintiffs intended the action to be tried by jury and motions on the issue would be filed with the Court.

## LEGAL STANDARD

Pursuant to FED.R.CIV.P. 81(c), which governs jury demands in removed actions, a party who fails to make demand for a jury trial as directed under state law, or within 10 days of after the petition for removal is filed, waives trial by jury. However, under FED.R.CIV.P. 39(b), "notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by jury of any or all issues." The Tenth Circuit has held that when exercising its discretion under Rule 39(b), the court "should grant a jury trial in absence of strong and compelling reasons to the contrary." *AMF Tuboscope, Inc, v. Cunninghan*, 352 F.2d 150, 155 (10th Cir. 1965), *see also Nissan Motor Corp. v. Baurciaga*, 982 F.2d 408, 409 (10th Cir. 1992) (reaffirming holding in *AMF Tuboscope*). In *AMF Tuboscope*, the Tenth Circuit emphasized that the right to trial by jury under the Seventh Amendment is a fundamental right, and that the "federal policy favoring jury trials is historic and continuing strength." *Id.* at 155. In *Bates v. Board of Regents of Northern New Mexico Community College*, the U.S. District Court reiterated that denying a trial by jury for technical

2

failures is not in the spirit of the Federal Rules of Civil Procedure. 122 F.R.D. 586, 588.

## DISCUSSION

Defendant alleges that the Plaintiffs' failure to properly serve the jury demand did not conform with the requirements of New Mexico law, and constituted a waiver of jury demand pursuant to Rule 81(c). Plaintiffs counter that Defendant was on notice of its intention to proceed by a jury trial, and that the Court should in its discretion allow a jury trial under Rule 39(b). The parties to not dispute that the issues in this case are such that Plaintiffs could have demanded a jury trial as a right, had service been properly made under New Mexico law. Nor do the parties dispute that at the time the action was removed to federal court, Defendant was aware that Plaintiffs had filed a notice of jury demand in the state action. The issue in this case is, therefore, whether the Court should exercise its discretion under Rule 39(b) to grant Plaintiffs' motion for jury trial at this time.

Defendant argues that "inadvertence in not making a timely jury demand . . . is a proper reason to deny a Rule 39(b) motion." *Oklahoma Natural Gas Company v. Larue*, 1998 WL 568321 at *6, *citing to Nissan Motor Corp., v. Burciaga*, 982 F.2d 408, 409 (10th Cir. 1992). However, the cases cited by Defendant do not compel a district court to deny a Rule 39(b) motion in the face of inadvertence. Moreover, in the present case Plaintiffs did not inadvertently fail to make jury demand. Rather, Plaintiffs did file a jury demand, and put Defendant on notice of its intention to proceed by a jury trial, but merely failed to comply with the technical service requirements under New Mexico law.

This Court , in accordance with the *Bates* court, finds that Plaintiff' technical failures should not bar a jury trial under the circumstances of the present case. The Court further finds

3

that there are no compelling circumstances which would justify a denial of Plaintiffs' Motion for Jury Trial. Defendant does not argue that it would suffer prejudice if the action is tried by a jury. Furthermore, this is not a case where Plaintiffs are only now making clear their intention for a trial by jury. Plaintiffs demanded a trial by jury in the initial state action, and raised the issue of a jury trial again at the time the Initial Pre-Trial Report was filed. Although Plaintiffs failed to comply with the technical requirements of service in making their jury demand, Defendant does not dispute that at the time the action was removed to federal court, it was aware that Plaintiffs had made a jury demand in the state action. Finally, Plaintiffs' Rule 39(b) motion was filed well enough in advance of the May, 1999 scheduled trial date, to adequately inform Defendant of their intention to proceed by jury trial.

## CONCLUSION

For the above stated reasons, the Court finds that there are no compelling circumstances justifying a denial of Plaintiffs' Motion. As such, Plaintiffs' Motion for Jury Trial Pursuant to FED.R.CIV.P. 39(b) **[Doc. No. 33]** is hereby **GRANTED**. Defendant's Motion to Strike Jury Demand **[Doc. No. 31]**, and Motion for Oral Argument **[Doc. No. 37]** are hereby **DENIED**.

**DATED** this 3rd day of February, 2000.

_____
MARTHA VÁZQUEZ
U. S. DISTRICT JUDGE

Attorneys for Plaintiffs:
Thomas Johnson
Kerri Peck

Attorneys for Defendant:
John Siff
Susan Hapka

4